■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT BEAN, Appellant.— Order of the Supreme Court, Queens County, dated February 9, 1966, denying defendant's motion for resentencing, reversed, on the law, and motion remitted to the court below for the purpose of taking further proof (1) as to the dates of the commission of the crimes for which defendant was convicted in Alabama, which crimes resulted in the judgments of conviction by reason of which defendant was arraigned as a multiple offender in the court below, and (2) as to whether, under Alabama Law, the indictments for those crimes were or could have been consolidated. (Cf. People ex rel. Janosko v. Fay, 6 N Y 2d 82; People v. Taylor, 16 A D 2d 944, affd. 13 N Y 2d 675.) Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES GUIN, Appellant.— Judgment of the Supreme Court, Kings County, rendered January 7, 1966, convicting defendant of assault in the third degree, on his plea of guilty, reversed, on the law and the facts; defendant's motion to withdraw his plea of guilty and to substitute a plea of not guilty granted; and action remanded to the court below for trial. Under the circumstances here present and upon the concession by the District Attorney, it is our opinion that the acceptance of the guilty plea was improper (People v. Serrano, 15 N Y 2d 304; People v. Shipman, 14 N Y 2d 883) and that the denial of the application to withdraw the plea of guilty constituted an improvident exercise of discretion (People v. Phipps, 26 A D 2d 822). Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CARLOS SANTIAGO, Respondent.— Order of Supreme Court, Kings County, dated June 29, 1966, which granted defendant's motion to suppress certain evidence, reversed, on the law and the facts, and motion remitted to the court below for further proceedings not inconsistent herewith. The order was granted upon the ground that the evidence in question was the fruit of certain statements obtained from defendant in violation of the rules enunciated in Miranda v. Arizona (384 U. S. 436). On this record, it is our opinion that the evidence was not the fruit of the statements obtained from defendant, but on the contrary was obtained independently of those statements and as a result of information received from the complainant. However, a further hearing should be had on the issues (a) whether the evidence in question was obtained by an illegal search and seizure and (b) whether defendant has standing to raise that objection, since those issues were neither reached, litigated, nor determined at the hearing which resulted in the order under review. Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.